**AFFIRMED; and Opinion Filed August 23, 2013.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-00318-CV**

_____

**RAYMOND F. HERRMANN, MARY B. HERRMANN,
AND HERRMANN CONSTRUCTION, INC., Appellants**

**V.**

**GOFF CUSTOM HOMES, L.P., Appellee**

**On Appeal from the County Court at Law No. 4
Dallas County, Texas
Trial Court Cause No. CC-10-07910-D**

**MEMORANDUM OPINION**

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Lang-Miers

Raymond F. Herrmann (individually Herrmann), Mary B. Herrmann, and Herrmann

Construction, Inc. (collectively HCI) appeal from a summary judgment in favor of Goff Custom

Homes, L.P. in a lawsuit involving a construction accident.[1]  In a single issue, appellants contend

that the trial court erred by granting summary judgment in favor of Goff Custom Homes because

Goff Custom Homes owed a duty to Herrmann to inspect the premises and warn him of

dangerous conditions on the property  For the following reasons, we affirm the trial court's

judgment.

_____

[1] Although all plaintiffs below appeal the court's summary judgment, the only complaint on appeal is that Goff Custom Homes owed a duty to Herrmann. Mary Herrmann and HCI do not argue for relief separately from Herrmann.

## BACKGROUND

Herrmann, the sole owner of HCI, and Don Bourgeois, HCI's sole employee, were working as trim carpenters at a new home construction site in Dallas, Texas. Goff Custom Homes was the general contractor on the project and had hired HCI as an independent contractor to do the inside wood trim work on the house. The house under construction was three stories with a basement and an elevator.

In October 2009, Herrmann and Bourgeois removed a loose guardrail on the elevator shaft on the second floor and replaced it with a two by four board installed on the inside of the elevator shaft. Three months later, Herrmann was inspecting the elevator shaft on the second floor and placed his hand on the guardrail for support as he leaned to look inside the elevator shaft. The guardrail gave way and Herrmann fell from the second floor to the bottom of the elevator shaft. He suffered serious injuries as a result of the fall. Following the accident, the guardrail found at the bottom of the elevator shaft was a board measuring two by six, not two by four.

HCI, Herrmann, and Mary Herrmann sued Goff Custom Homes and John Reynolds, the superintendent on the job, for claims of negligence, negligence per se, and premises liability. They later dropped the negligence per se claims and nonsuited their claims against Reynolds. Goff Custom Homes filed a combined no-evidence and traditional motion for summary judgment on the ground that it owed no duty to Herrmann.[2] The trial court granted summary judgment in favor of Goff Custom Homes, from which appellants appeal.

---

[2] Neither party argues that chapter 95 of the civil practice & remedies code applies here. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 95.001–.004 (West 2011).

## STANDARD OF REVIEW

A no-evidence summary judgment motion must be granted if the moving party asserts that there is no evidence of one or more specified elements of a claim on which the nonmovant has the burden of proof at trial and the nonmovant produces no summary judgment evidence that raises a genuine issue of material fact on those elements. TEX. R. CIV. P. 166a(i) & cmt.; *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam). We examine the record in the light most favorable to the nonmovant and indulge every reasonable inference and resolve any doubts against the movant. *Sudan*, 199 S.W.3d at 292; *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). If the nonmovant presents evidence that would enable reasonable and fair-minded jurors to differ in their conclusions, the motion must be denied. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam).

We review a traditional summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, no pet.). A party moving for traditional summary judgment under rule of civil procedure 166a(c) is charged with the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). If the movant discharges its burden, the burden shifts to the nonmovant to present to the trial court any issues that would preclude summary judgment. *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 50 (Tex. App.—Dallas 2006, pet. denied).

Whether Goff Custom Homes owed Herrmann a duty to inspect the guardrail is a question of law that we review de novo. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Hernandez v. Hammond Homes, Ltd.*, 345 S.W.3d 150, 153 (Tex. App.—Dallas 2011, pet. denied).

**DUTY**

In their sole issue, appellants contend that the trial court erred by granting summary judgment in favor of Goff Custom Homes because Goff Custom Homes owed Herrmann a duty to warn of dangerous preexisting conditions on the premises. Appellants contend that the summary judgment evidence established that the faulty guardrail was a concealed premises defect, that it was in existence prior to Herrmann's entry onto the premises on the day of the accident, and that it was unrelated to Herrmann's work on the premises. Consequently, appellants argue, Goff Custom Homes was responsible for inspecting and warning Herrmann about the faulty guardrail.

**Applicable Law**

Premises defects are divided into two categories: (1) defects existing when an independent contractor enters, and (2) defects created by the independent contractor's work. *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 295 (Tex. 2004). With respect to the first category of defects, a general contractor has a duty to inspect the premises and warn of concealed hazards the owner knows or should know about. *Id.*; *see also Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 215 (Tex. 2008); *Koch Refining Co. v. Chapa*, 11 S.W.3d 153, 155 n.1 (Tex. 1999); *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997); *Hernandez*, 345 S.W.3d at 156.

**Analysis**

Goff Custom Homes moved for no-evidence and traditional summary judgment arguing that it did not owe a duty to Herrmann as a matter of law. It argued that "Goff would have had to have had either a contractual right of control or have exercised actual control ***over the means, methods, and details*** of Herrmann's work with regard to his inspection of the elevator, or of the work of the other independent contractor that put up the guardrail that [appellants] allege failed."

And it argued that the evidence conclusively proved that Goff Custom Homes did not have a contractual right to control Herrmann's or any other independent contractor's work.

In response, appellants argued that Goff Custom Homes had a duty to warn Herrmann "of the concealed defects related to the guardrail." They argued that Herrmann was not injured by a defect created by his own work activity, that the "defective nature of the guardrail was a concealed defect," that Goff Custom Homes had control over the construction site, and that the evidence conclusively showed that Goff Custom Homes did not conduct safety inspections.

On appeal, appellants contend that the faulty guardrail in this case is a defect that falls into the first category of premises defects because it was a preexisting concealed defect. They contend that the defect was preexisting because the faulty guardrail was already installed when Herrmann arrived for work the morning of the accident. And they contend that the defect was concealed because it was not readily apparent that the guardrail would not support Herrmann's weight.

Appellants rely on *Griffin v. Shell Oil Co.*, 401 S.W.3d 150 (Tex. App.—Houston [1st Dist.] 2011, pet. denied), to support their contention that Goff Custom Homes had a duty to warn of the faulty guardrail. We do not agree that *Griffin* supports appellants' arguments.

In that case, Griffin was instructed to enter a dimly lit storage room containing improperly stored and unsecured materials with standing water on the floor to inspect drainage issues. He slipped on the floor and was injured. He sued the project manager and property owner alleging that they failed to warn him of the dangerous conditions in the storage room. The trial court granted summary judgment in favor of the defendants, but the court of appeals reversed. The court of appeals concluded "there is at least a fact issue as to whether the materials that caused [Griffin's] fall and injuries were 'hidden' or 'concealed' [and] Griffin presented evidence that [the premises owner] controlled the storage room, the storage of materials, and the general

conditions" in the storage room. *Id*. at 161. In reaching its conclusion, the court relied on summary judgment evidence showing the defendants controlled the use of the storage room. *See generally id*. at 159–63.

The evidence is undisputed in this case that Goff Custom Homes did not control the work on the elevator shaft. Appellants argue, however, that they were not required to present evidence of Goff Custom Homes's control of the elevator shaft because the guardrail was a preexisting concealed defect about which Goff Custom Homes had a duty to warn. But the types of premises defects that fall into the category of preexisting and concealed for which there is a duty to warn are those defects that are "dangerous in their own right and independent of action by another[.]" *Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 224–25 (Tex. 1999).

Here, Herrmann admitted that the guardrail was replaced by another independent contractor. As a result, it would not be "independent of action by another[.]" It is also undisputed in this case that Herrmann was inspecting the elevator shaft, placed his hand on the guardrail for support as he leaned into the elevator shaft, the guardrail gave way, and he fell. There is no evidence that the guardrail itself posed a danger; it was not until Herrmann put his weight on it for support that it gave way and caused his injuries. *See, e.g.*, *id.* at 225 (concluding that premises owner's crane posed no danger until independent contractor's employees put crane into operation and decedent's head was crushed in "pinch point" of crane); *Lopez v. Homebuilding Co., Inc.*, No. 01-04-00095-CV, 2005 WL 1606544, at *3 (Tex. App.—Houston [1st Dist.] July 7, 2005, no pet.) (mem. op.) (concluding that open balcony from which complainant fell did not pose danger until complainant fell from its edge); *Durbin v. Culberson Cnty.*, 132 S.W.3d 650, 660–61 (Tex. App.—El Paso 2004, pet. denied) (concluding that power pole did not pose danger until independent contractor changed light bulb with the power on and stuck a metal object into

bulb socket). Consequently, the guardrail was not "dangerous in [its] own right." *See Coastal Marine Serv.*, 988 S.W.2d at 225.

Appellants also contend that Goff Custom Homes is responsible for inspecting the work of all the independent contractors at the job site to ensure there are no dangerous conditions resulting from their work. But a premises owner generally does not have a duty to make sure an independent contractor safely performs his work. *Koch Refining Co.*, 11 S.W.3d at 155. And a premises owner has no duty to its independent contractor's employees unless it "reserves the right to forbid the independent contractor from performing its work in a dangerous manner." *Id*. In other words, the owner has no duty with regard to defects created by an independent contractor unless the owner retains a right to control the work that created the defect. *Id*.; *Braudrick v. Wal-Mart Stores, Inc.*, 250 S.W.3d 471, 476–77 (Tex. App.—El Paso 2008, no pet.). The type of control required is more than "a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations . . . [but] must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way." *Koch Refining Co.*, 11 S.W.3d at 155–56; *Coastal Marine Serv.*, 988 S.W.2d at 226.

Under the circumstances of this case, Goff Custom Homes did not owe a duty to inspect and warn unless it controlled the aspects of the independent contractor's work responsible for the defect. *See Koch Refining Co.*, 11 S.W.3d at 155. And the summary judgment evidence conclusively established that Goff Custom Homes did not maintain such control.

We conclude that Goff Custom Homes did not owe a duty to Herrmann to inspect the guardrail and warn him about its dangerous condition. Consequently, we further conclude that appellants did not raise a fact issue about Goff Custom Homes's duty, and the trial court did not

err by granting summary judgment in favor of Goff Custom Homes. We resolve appellants' sole issue against them and affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

120318F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RAYMOND F. HERRMANN, MARY B.
HERRMANN, AND HERRMANN
CONSTRUCTION, INC., Appellants

No. 05-12-00318-CV          V.

GOFF CUSTOM HOMES, L.P., Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas.
Trial Court Cause No. CC-10-07910-D.
Opinion delivered by Justice Lang-Miers,
Justices Moseley and Bridges, participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee, Goff Custom Homes, L.P., recover its costs of this appeal
from appellants, Raymond F. Herrmann, Mary B. Herrmann, and Herrmann Construction, Inc.


Judgment entered this 23rd day of August, 2013.


/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE