**AFFIRM in PART, REVERSE and REMAND; Opinion Filed August 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01469-CV

### CRESENCIO BASTIDA, Appellant
### V.
### RICHARD AZNARAN, INDIVIDUALLY, AND D/B/A THE HATTON RANCH, Appellee

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-02287-06**

## OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Lewis

Cresencio Bastida (Bastida) appeals the trial court's grant of summary judgment in favor of Richard Aznaran, individually, and d/b/a The Hatton Ranch (Aznaran), on Bastida's claims for negligence, gross negligence, and malice. In two issues, Bastida contends the trial court erred in: (1) failing to sustain Bastida's objections and special exceptions to Aznaran's summary judgment evidence; and (2) granting Aznaran's motion for summary judgment. Because we conclude Bastida produced evidence raising a genuine issue of material fact with respect to his claims of negligence, gross negligence, and malice, we reverse the summary judgment as to those claims and remand those claims to the trial court. In all other respects, we affirm the summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee Aznaran purchased a mobile home from Tony Braxton; the purchase price included delivery and installation of the mobile home at Aznaran's ranch by Braxton or whomever Braxton hired. Braxton hired Abel's Mobile Home Service, Inc. (AMHS), owned by Abel Narezo (Narezo), to deliver and install the mobile home. Appellant Bastida worked for AMHS. On September 8, 2004, during delivery of the mobile home, Bastida climbed on top of the mobile home, apparently to lift a telephone line hanging across Aznaran's ranch road, and accidentally came into contact with an energized electrical line also hanging across the ranch road. He was electrocuted, burning approximately 80% of his body.

Bastida alleged claims against Narezo and AMHS for negligence, negligence per se, gross negligence and malice, failing to provide a safe work environment, and failing to supervise, train, warn, protect, and provide proper equipment. Bastida also alleged claims against Aznaran, individually and d/b/a The Hatton Ranch, for negligence, negligence per se, gross negligence, malice, joint enterprise, joint venture, agency, breach of contract, non-delegable duty, res ipsa loquitur, negligent hiring, and negligent supervision.

Aznaran filed a motion for summary judgment, arguing that Aznaran owed no duty to Bastida. Bastida filed a response to Aznaran's motion for summary judgment and a separate document entitled "Plaintiff's Objections and Special Exceptions to Defendant Richard Aznaran's Motion for Summary Judgment." The record contains nothing to indicate the trial court ever ruled on Bastida's objections and special exceptions. On August 24, 2009, the trial court granted summary judgment in favor of Aznaran, ordering that all of Bastida's claims against Aznaran, individually and d/b/a The Hatton Ranch, be dismissed with prejudice. The trial court did not specify the basis for its ruling.

The record contains the answer of AMHS, notifying the trial court that AMHS filed for bankruptcy protection several weeks after Bastida was injured. The record also contains Narezo's answer, denying all allegations against him. The trial court conducted a bench trial with respect to Bastida's claims and causes of action against Narezo and AMHS, but the record does not contain an order or judgment. On October 2, 2012, the trial court signed an order dismissing the case for want of prosecution. Bastida now appeals the trial court's order granting summary judgment in favor of Aznaran, individually and d/b/a The Hatton Ranch.

## II. STANDARD OF REVIEW

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415, 418 (Tex. App.—Dallas 2012, no pet.). In a traditional motion for summary judgment, the moving party has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see also Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who moves for summary judgment pursuant to rule 166a(c) must show the plaintiff has no cause of action. *Beesley*, 358 S.W.3d at 418. A defendant may meet this burden by disproving at least one essential element of each theory of recovery or by conclusively proving all elements of an affirmative defense. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex. App.—Dallas 2009, no pet.). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *AN Collision Ctr. of Addison, Inc. v. Town of Addison*, 310 S.W.3d 191, 193 (Tex. App.—Dallas 2010, no pet.). In deciding whether there is a disputed issue of material fact, evidence favorable to the non-movant will be taken as true. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). We indulge every reasonable inference and resolve any doubt in favor of the non-movant. *Id*. Once

the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

## III. ANALYSIS

### A. OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

In his first issue, Bastida argues the trial court erred in failing to sustain his objections and special exceptions to Aznaran's summary judgment evidence, consisting solely of Aznaran's affidavit. Although Bastida characterizes nearly all of his complaints as both objections and special exceptions, none of them qualifies as a special exception. The purpose of special exceptions is to compel clarification of pleadings when they are unclear or ambiguous. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). Bastida's complaints do not seek clarification of Aznaran's motion for summary judgment. Instead—with the exception of the four evidentiary objections discussed below—the complaints (a) address Aznaran's purported failure to comply with summary judgment procedures, (b) argue that statements or conclusions in the motion are not supported by competent summary judgment evidence, or (c) make legal arguments for why the motion should fail. Following each of his complaints, Bastida asks that the purportedly inappropriate portions of the motion or affidavit be stricken from the summary judgment record. Bastida's arguments are more in the nature of a summary judgment response, challenging the adequacy of the arguments and authorities put forward in Aznaran's summary judgment motion. As such, they do not present appropriate special exceptions.

Bastida has raised four evidentiary objections to Aznaran's affidavit, asserting (1) the affidavit failed to explain the basis for Aznaran's personal knowledge of matters set forth in the affidavit; (2) the affidavit was testimony of an interested witness; (3) the affidavit was based on

hearsay or speculation; and (4) the affidavit consisted of Aznaran's unsubstantiated opinions and conclusions. The trial court granted Aznaran's motion without reference to Bastida's objections.

The granting of a summary judgment motion "does not necessarily provide an implicit ruling that either sustains or overrules the objections to the summary-judgment evidence." *Gonzalez v. VATR Constr. LLC*, 418 S.W.3d 777, 783 (Tex. App.—Dallas 2013, no pet.) (quoting *Allen v. Albin*, 97 S.W.3d 655, 663 (Tex. App.—Waco 2002, no pet.)). Objections to the form of summary judgment evidence are preserved for appellate review only if such objections are made and ruled on in the trial court. *See Gonzalez*, 418 S.W.3d at 783; *Choctaw Props., L.L.C. v. Aledo Indep. Sch. Dist.*, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.). We cannot imply a ruling on Bastida's objections from this record. *See Choctaw Props.*, 127 S.W.3d at 241; *Allen*, 97 S.W.3d at 663.

For preservation purposes, objections to "form" and "substance" are treated differently. *See Stewart v. Sanmina Texas L.P.*, 156 S.W.3d 198, 207 (Tex. App.—Dallas 2005, no pet.). Failure to affirmatively show that the affiant had personal knowledge is a defect in form and must be preserved in the trial court. *Id.* (citing *Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990) (per curiam)). An objection that an affidavit contains hearsay is also a defect of form. *Id.* (citing *St. Paul Ins. Co. v. Mefford*, 994 S.W.2d 715, 721 (Tex. App.—Dallas 1999, pet. denied)). Accordingly, by failing to obtain a ruling from the trial court on his personal knowledge and hearsay objections, Bastida cannot raise these objections on appeal. *Gonzalez*, 481 S.W.3d at 783; *Stewart*, 156 S.W.3d at 207.

Defects in the substance of the evidence do not require a written ruling, and such objections may be raised for the first time on appeal. *Stewart*, 156 S.W.3d at 207; *Thompson v. Curtis*, 127 S.W.3d 446, 450 (Tex. App.—Dallas 2004, no pet.). Therefore, we may consider Bastida's objections challenging the substance of the summary judgment evidence. *See*

*Gonzalez*, 481 S.W.3d at 783. Substantive defects are those that leave the evidence legally insufficient, and include affidavits which are nothing more than legal or factual conclusions. *Stewart*, 156 S.W.3d at 207; *Hou–Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Bastida argues that Aznaran's affidavit was not competent summary judgment evidence because it came from an interested witness. Uncontroverted testimonial evidence of an interested witness can provide the basis for summary judgment if the evidence is "clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c); *see Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997); *Ross v. Texas One P'ship*, 796 S.W.2d 206, 211 (Tex. App.— Dallas 1990, writ denied). Bastida contends that several statements in Aznaran's affidavit address Aznaran's knowledge, intent, and state of mind prior to and at the time of the accident and cannot be readily controverted. However, "could have been readily controverted" does not mean that the summary judgment evidence could have been easily and conveniently rebutted, but rather indicates that the testimony could have been effectively countered by opposing evidence. *See Trico Techs.*, 949 S.W.2d at 310 (citing *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989)); *see also Beesley*, 358 S.W.3d at 424. In our view, Aznaran's affidavit was clear, positive, direct, otherwise credible, and free from contradictions and inconsistencies. Aznaran was not the only person who could have testified as to what was involved in moving a mobile home, the route selected, whether it was necessary to remove obstacles, and why Bastida climbed on top of the mobile home. But Bastida made no attempt to controvert the purportedly objectionable statements in Aznaran's affidavit through deposition testimony, interrogatories, or other discovery. *See Beesley*, 358 S.W.3d at 424 (where opposing party "made no attempt to controvert the affidavit through deposition testimony, interrogatories, or other discovery," the

affidavit of an interested witness is competent summary judgment evidence) (quoting *Trico Techs*., 949 S.W.2d at 310). Because Aznaran's statements contained in his affidavit could have been readily controverted, Aznaran's affidavit should not be excluded on the basis that he is an interested witness.

Bastida also argues Aznaran's affidavit was not competent summary judgment evidence because it is conclusory. A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App.—Dallas 2008, no pet.). Conclusory statements in affidavits are not competent evidence to support summary judgment because they are not credible or susceptible to being readily controverted. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *see also Eberstein*, 260 S.W.3d at 630. However, logical conclusions based on stated underlying facts are proper. *See Thompson*, 127 S.W.3d at 450.

Bastida quotes various statements from Aznaran's affidavit and makes a general objection that because Aznaran never explained the factual basis for such unsubstantiated opinions or conclusions, the statements were improper legal conclusions. For example, Bastida complains that Aznaran did not explain the factual basis for his opinion that he had purchased the mobile home through Braxton, who arranged for its delivery. In his affidavit, Aznaran stated he bought the mobile home from Braxton and delivery was included in the purchase price. Bastida complains that Aznaran did not explain the factual basis for his opinion that he did not control the route taken. In his affidavit, Aznaran stated that he proposed the route across his ranch and drove it with Braxton and Narezo to see if there was anything that needed to be moved before the delivery. Aznaran stated that he was present at the time of the accident. He stated he had never met Bastida before the day of the accident. He stated he did not direct Bastida to climb on top of the mobile home, or to move the wires. We conclude that Aznaran's affidavit states facts to

support his logical conclusions. It was not conclusory and thus constituted proper summary judgment evidence. *Id.* at 451. We overrule Bastida's first issue.

## B. SUMMARY JUDGMENT

In his fourth amended petition, the live pleading at the time the motion for summary judgment was filed, Bastida asserted claims against Aznaran for general negligence, negligence per se, gross negligence, malice, joint enterprise, joint venture, agency, breach of contract, non-delegable duty, res ipsa loquitur, negligent hiring, and negligent supervision. Aznaran sought, and the trial court granted, summary judgment on all these claims. On appeal, Bastida does not present argument that the trial court erred in granting summary judgment on his claims for negligence per se, joint enterprise, joint venture, agency, breach of contract, non-delegable duty, res ipsa loquitur, or negligent hiring; accordingly, we affirm the summary judgment on those claims. This appeal requires that we determine whether the trial court erred in granting summary judgment to Aznaran on Bastida's claims of negligence, gross negligence, and malice.

Negligence actions in Texas require "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *Love*, 92 S.W.3d at 454). Whether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists. *Gonzalez*, 418 S.W.3d at 784.

Whether Aznaran owed Bastida a duty of care is governed by the law concerning a premises owner's duty to an independent contractor's employee. The duty owed by an owner or occupier of premises to a business invitee, such as an independent contractor's employee, is not that of an insurer. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000); *Gillespie v. Kroger Tex., L.P.*, 415 S.W.3d 589, 592 (Tex. App.—Dallas 2013, pet. denied). Instead, an owner or occupier has a duty to use reasonable care to keep the premises under his control in a

safe condition. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex. 1985); *McDaniel v. Continental Apartments Joint Venture*, 887 S.W.2d 167, 171 (Tex. App.—Dallas 1994, writ denied). A premises owner may be liable for two distinct categories of negligence in failing to keep the premises safe: (1) negligence arising from a premises defect, and (2) negligence arising from an activity on the premises. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775 (Tex. 2010); *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997). Here, Bastida sued Aznaran under both categories.

## 1. Negligent Activity

In a negligent activity claim, the dangerous condition arises as a result of an activity on the premises. *See Olivo*, 952 S.W.2d at 527; *Hernandez v. Hammond Homes, Ltd.*, 345 S.W.3d 150, 153 (Tex. App.—Dallas 2011, pet. denied). When the activities of an invitee, such as an independent contractor, create the dangerous condition, the property owner ordinarily has no duty to warn the independent contractor's employees of the premises defect. *See Olivo*, 952 S.W.2d at 527. Generally, a property owner does not owe a duty to ensure that an independent contractor performs his work in a safe manner. *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 214 (Tex. 2008); *Gonzalez*, 418 S.W.3d at 784. The same holds true for a general contractor. *See Koch Ref. Co. v. Chapa*, 11 S.W.3d 153, 155 n.1 (Tex. 1999) (per curiam) ("A general contractor owes the same duty as a premises owner to an independent contractor's employee."); *Olivo*, 952 S.W.2d at 527 ("A general contractor in control of the premises is charged with the same duty as an owner or occupier."). However, a limited duty may arise if an owner or general contractor retains the right to control an independent contractor's methods of work or operative details to the point that the independent contractor is not entirely free to do the work in his own way. *See Moritz*, 257 S.W.3d at 214; *Koch*, 11 S.W.3d at 155; *see also Herrmann v. Goff Custom Homes, L.P.*, No. 05-12-00318-CV, 2013 WL 4517274, at *4 (Tex. App.—Dallas Aug. 23, 2013, no

pet.). Thus, "a premises owner may be liable when the owner retains the right of supervisory control over work on the premises." *Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 225–26 (Tex. 1999) (per curiam); *see Burkett v. Welborn*, 42 S.W.3d 282, 290 (Tex. App.— Texarkana 2001, no pet.). For liability to attach, the owner or general contractor's role "must be more than a general right to order the work to start or stop, to inspect progress or receive reports." *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606 (Tex. 2002) (quoting *Redinger*, 689 S.W.2d at 418). The control must be over the manner in which the independent contractor performs its work. *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 783 (Tex. 2001). Also, the supervisory control retained or exercised "must relate to the activity that actually caused the injury." *Coastal Marine*, 988 S.W.2d at 226; *see Moritz*, 257 S.W.3d at 215 ("[I]t is not enough to show that the defendant controlled one aspect of Moritz's activities if his injury arose from another.").

A party can prove the right to control in two ways: "first, by evidence of a contractual agreement which explicitly assigns the premises owner a right to control; and second, in the absence of a contractual agreement, by evidence that the premises owner actually exercised control over the job." *Coastal Marine*, 988 S.W.2d at 226. "If a written contract assigns the right to control to the employer, then the plaintiff need not prove an actual exercise of control to establish a duty." *Hernandez*, 345 S.W.3d at 153 (citing *Pollard v. Mo. Pac. R.R. Co.*, 759 S.W.2d 670, 670 (Tex.1988) (per curiam)). In this case, we do not have a written contract assigning the right to control to Aznaran; however, we have Aznaran's written admission that his employee or authorized agent was Bastida's supervisor.

In Aznaran's affidavit attached to his motion for summary judgment, Aznaran admitted he was the owner of the property on which the accident occurred. However, Aznaran denied hiring Narezo and AMHS, stated he did not control or have the right to control Narezo or

AMHS, and stated that Narezo was not his agent. The affidavit also states that Aznaran was not Bastida's employer, and that Bastida worked for Narezo and AMHS.

In his response to Aznaran's motion, Bastida argued the summary judgment evidence raised a fact issue as to the relationship between Aznaran and Narezo, and Aznaran's control over Narezo's work in delivering the mobile home. Bastida's evidence included a response made by Aznaran to a request for admission, as follows:

> REQUEST NO. 6: Admit or deny that your employee(s) and/or authorized agent(s) were [Bastida's] supervisor(s) on the date of the incident.
>
> RESPONSE: Admit

When asked about this admission during his deposition, Aznaran stated that his answer should have been "deny" and further stated that the response was either an error by the typist or by his former attorney. However, there is nothing in the record to indicate that Aznaran attempted to withdraw or amend the admission. *See* TEX. R. CIV. P. 198.3.

Our standard of review requires that evidence favorable to Bastida be taken as true in deciding whether there is a disputed issue of material fact. *See Reese*, 148 S.W.3d at 99. The discrepancy between Aznaran's admission and Aznaran's affidavit creates an issue of fact regarding Aznaran's relationship with Narezo and AMHS. *See Kirkwood v. Primacare, Inc.*, No. 05-97-01934-CV, 2000 WL 124675, at *2 (Tex. App.—Dallas Feb. 3, 2000, no pet.) ("If conflicting inferences may be drawn from a deposition and an affidavit filed by the same party in opposition to a motion for summary judgment, a fact issue is presented.") (citing *Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4, 5 (Tex. 1988); *Gaines v. Hamman*, 358 S.W.2d 557, 562 (Tex. 1962); *Green v. Unauthorized Practice of Law Comm.*, 883 S.W.2d 293, 297 (Tex. App.—Dallas 1994, no writ)). Resolving all reasonable inferences and doubts in favor of Bastida, it is reasonable to infer Narezo and AMHS were Aznaran's employees or agents. It is also reasonable to infer that Aznaran had the right to supervise or control the activities of Narezo

–11–

and AMHS employees, including Bastida. Where there is evidence that the premises owner had supervisory control of the activity in which the plaintiff was injured, the trial court should deny summary judgment to the premises owner and we should reverse the trial court if it grants such a motion. *See Burkett*, 42 S.W.3d at 290. We conclude the trial court erred in granting summary judgment on Bastida's claim for negligence.

### 2. Premises Defect

Bastida also alleged a premises defect claim against Aznaran. In a premises defect case, ordinarily an owner is liable to employees of an independent contractor only for claims arising from a concealed, pre-existing defect, rather than from open and obvious dangerous conditions or from the contractor's work. *Moritz*, 257 S.W.3d at 215; *Hernandez*, 345 S.W.3d at 156. "With respect to existing defects, an owner or occupier has a duty to inspect the premises and warn of concealed hazards the owner knows or should have known about." *Moritz*, 257 S.W.3d at 215 (quoting *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 295 (Tex. 2004)).

"An independent contractor owes its own employees a nondelegable duty to provide them a safe place to work, safe equipment to work with, and warn them of potential hazards." *Moritz*, 257 S.W.3d at 215 (citing *Cent. Ready Mix Concrete Co., Inc. v. Islas*, 228 S.W.3d 649, 652 n. 10 (Tex. 2007); *Kroger v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 754 (Tex. 1975)). Here, Bastida alleged that Aznaran is liable because Aznaran failed to warn Bastida about the energized electrical line hanging across Aznaran's ranch road. Bastida's claimed pre-existing defect—the energized electrical line—was clearly visible and obvious and generally would not fall within the duty of a premises owner to warn Bastida. However, the record on appeal contains Aznaran's admission that his "employee(s) and/or authorized agent(s) were [Bastida's] supervisor(s) on the date of the incident." We have already concluded there is an issue of material fact regarding Aznaran's supervisory control over the

–12–

activities of Narezo and AMHS employees, including Bastida. Thus, if Aznaran retained supervisory control of the activity in which Bastida was injured, Aznaran may be liable for negligence in exercising or failing to exercise control over the work that created the dangerous condition. *See Olivo*, 952 S.W.2d at 528. Even though the energized electrical line was not a concealed defect, we conclude a fact issue exists with regard to whether Aznaran owed Bastida a duty to warn him of a potential hazard consisting of the energized electrical line. *See id.* We therefore decide the trial court erred in granting summary judgment in favor of Aznaran with respect to Bastida's premises defect claim.

### 3. Gross Negligence And Malice

Bastida argues he is entitled to exemplary damages based on Aznaran's alleged gross negligence and malice in deliberately choosing to do nothing about the energized electrical line. Generally, exemplary damages are recoverable only upon proof of actual damages. *See Doubleday & Co., Inc. v. Rogers*, 674 S.W.2d 751, 753–54 (Tex. 1984); *Van Voris v. Team Chop Shop, LLC*, 402 S.W.3d 915, 925 (Tex. App.—Dallas 2013, no pet.); *see also Cowboys Concert Hall-Arlington, Inc. v. Jones*, No. 02-12-00518-CV, 2014 WL 1713472, at *13 (Tex. App.—Fort Worth May 1, 2014, no pet.) (mem. op.) (plaintiff not entitled to exemplary damages based on defendant's gross negligence when defendant was not specifically found to be negligent). Further, exemplary damages may be awarded only when there is clear and convincing evidence of fraud, malice, or gross negligence. TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (West Supp. 2013); *see James J. Flanagan Shipping Corp. v. Del Monte Fresh Produce N.A., Inc.*, 403 S.W.3d 360, 368 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

Negligence and gross negligence are not separable causes of action, but are inextricably intertwined. *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 126 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Negligence is a liability finding, involving duty,

breach, and causation; gross negligence presumes a negligent act or omission and includes two further elements. *See Ford Motor Co. v. Miles*, 967 S.W.2d 377, 390 (Tex. 1998) (Gonzalez, J., concurring) (citing *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 23 (Tex.1994)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(11) (West 2008). "[S]ubject to an exception in worker's compensation cases, if no liability for negligence exists, liability for gross negligence cannot be imposed." *Ware v. Cyberdyne Systems, Inc.*, No. 05-10-01080-CV, 2012 WL 376671, at *4 (Tex. App.—Dallas Feb. 7, 2012, no pet.) (mem. op.).

Likewise, exemplary damages for malice are available only when malice is alleged in relation to another underlying cause of action. *Gomez de Hernandez v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 204 S.W.3d 473, 474 (Tex. App.—Corpus Christi 2006, pet. denied). Malice is defined as "a special intent by the defendant to cause substantial injury or harm to the claimant." TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(7) (West 2008). Application of this definition of malice depends on the nature of the underlying tort. *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 661 (Tex. 2012).

Bastida's claims for gross negligence and malice are based on Bastida's underlying claim for negligence. Because we have concluded there is an issue of material fact with respect to Bastida's negligence claim, we do not reach the merits of Bastida's claims of gross negligence and malice. *See Cowboys Concert Hall*, 2014 WL 1713472, at *13.

## IV. CONCLUSION

Based on our conclusions above, we reverse in part the trial court's order granting Aznaran's motion for summary as to the claims against Aznaran of negligence, gross negligence and malice and remand those claims to the trial court for further proceedings.

In all other respects, summary judgment is affirmed.


/David Lewis/
DAVID LEWIS
JUSTICE

121469F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CRESENCIO BASTIDA, Appellant

No. 05-12-01469-CV      V.

RICHARD AZNARAN, INDIVIDUALLY,
AND D/B/A THE HATTON RANCH,
Appellees

On Appeal from the 199th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 199-02287-06.
Opinion delivered by Justice Lewis.
Justices Fillmore and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** the trial court's judgment as to appellant's claims for negligence, gross negligence, and malice. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered this 11th day of August, 2014.