**Opinion issued March 26, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-14-00205-CV**

———————————

**LATRINA KINGSBURY, Appellant**

**V.**

**A.C. AUTOMOTIVE, INC. AND MARIA G. MARTINEZ, Appellees**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1025892**

---

**MEMORANDUM OPINION**

LaTrina Kingsbury sued A.C. Automotive, Inc. ("A.C. Automotive") and

Maria Martinez for negligent bailment, breach of contract, violations of the

Deceptive Trade Practices Act ("DTPA"), and conversion after A.C. Automotive

allegedly failed to repair Kingsbury's car and then sold the car to Martinez. A.C. Automotive and Martinez moved for summary judgment on statute of limitations and laches grounds. The trial court rendered summary judgment in favor of A.C. Automotive and Martinez. In three issues, Kingsbury contends that the trial court erred in granting summary judgment because: (1) A.C. Automotive and Martinez did not submit any competent summary judgment evidence, as their supporting affidavits contained hearsay and conclusory statements and were not based on personal knowledge; (2) A.C. Automotive and Martinez did not meet their burden of proof on their affirmative defenses of limitations and laches; and (3) A.C. Automotive's notice of foreclosure for its mechanic's lien contained a false statement regarding lienholders on the car.

We affirm.

## Background

In June 2008, Kingsbury took her car, which had been having engine problems, to A.C. Automotive for repair. According to Kingsbury, she "often" called A.C. Automotive to check on the status of the repairs, and A.C. Automotive employees repeatedly informed her when she called that her car had not been repaired, that the check-engine light continued to come on when employees started the car, and that her car needed to remain at A.C. Automotive until it was fully repaired. In November 2011, when Kingsbury attempted to obtain a new

2

registration sticker for her car, she learned that A.C. Automotive had foreclosed its mechanic's lien and sold her car to Martinez.

Kingsbury originally filed suit against A.C. Automotive and Martinez on January 8, 2013, for negligent bailment, breach of contract, and DTPA violations. Kingsbury alleged that A.C. Automotive employees told her, when she initially brought her car in for repair in June 2008, that her car needed $2,500 worth of repairs to the engine. Kingsbury alleged that she agreed to pay this amount and later agreed to pay an additional $1,500 when the initial repairs did not fix the problem. Kingsbury alleged that she routinely called A.C. Automotive and spoke with one of its mechanics, Howard Hardy, who told her that A.C. Automotive "did not want to return the car to [her] until it was 'working right.'" She alleged that she spoke with Hardy in 2010 after he quit working at A.C. Automotive, and he allegedly told her that her car had never been properly repaired and "remained un-repaired" through the time he stopped working at A.C. Automotive.

Kingsbury further alleged that, late in 2010, Jacob Acuna, another A.C. Automotive employee, contacted her and told her that her car had been repaired and that she owed $10,000. Kingsbury allegedly contacted Hardy after this demand, and he informed her that $10,000 worth of repairs had not been performed on the car. Kingsbury alleged that she attempted to purchase a new registration

3

sticker for the car in November 2011 and that she learned at that time that A.C. Automotive had sold the car to Martinez in March 2011.

A.C. Automotive and Martinez moved for summary judgment on laches and limitations grounds. A.C. Automotive and Martinez argued that Kingsbury brought her car in for repairs on June 4, 2008, and that A.C. Automotive completed the repairs on July 21, 2008, and notified Kingsbury that she could pick up her car. A.C. Automotive argued that, despite its repeated attempts to obtain payment and have Kingsbury pick up her car, Kingsbury "failed to pay for the services rendered and pick up her vehicle for more than four years." A.C. Automotive foreclosed on its mechanic's lien covering the car in November 2010 and sold the car to Martinez. A.C. Automotive and Martinez argued that Kingsbury entered into the contract to repair her car on June 4, 2008, but she did not file suit until January 8, 2013, which was after the two-year statute of limitations for DTPA actions and the four-year statute of limitations for negligent bailment and breach of contract claims had expired.

As summary judgment evidence, A.C. Automotive and Martinez attached affidavits from three A.C. Automotive employees. Juan Perez, a mechanic, averred that Kingsbury had her car towed to A.C. Automotive on June 4, 2008, and that he was assigned to inspect the car. Howard Hardy informed Kingsbury of Perez's findings concerning the car, and Kingsbury "approved the engine

4

replacement and the transmission replacement." Perez replaced the engine and transmission and determined after a test drive that the car had been repaired and was therefore ready for Kingsbury to pick it up. Perez averred that when he stopped working at A.C. Automotive in September 2009, Kingsbury "had not picked up her vehicle and it was still at A.C. Automotive."

Jacob Acuna averred that Kingsbury made two payments of $1,000 each to A.C. Automotive on July 16, 2008, and on September 5, 2008. Acuna further averred:

> Once the repairs were completed, Ms. Kingsbury was advised that the vehicle was ready for pickup. Some time went by and I asked Mr. [Howard] Hardy when Ms. Kingsbury was going to pick up her vehicle. Mr. Hardy said he had spoken to her and she would be coming in to pay her balance and pick up the vehicle. Thereafter, I called Ms. Kingsbury. She asked what her balance was and stated she would be in on October 3, 2008 to pay her balance and retrieve her vehicle. She did not come to A.C. Automotive on October 3, 2008. I then called Ms. Kingsbury and left her several messages about her vehicle. I asked Mr. Hardy if he had made contact with her. He informed me he was not able to reach her either. When I finally spoke to her, she stated she would only speak to Mr. Hardy. Mr. Hardy's employment with A.C. Automotive was terminated in June 2010.

Craig Baldwin averred that after A.C. Automotive hired him in June 2010, he began contacting customers whose vehicles had been repaired but had not been picked up from A.C. Automotive, including Kingsbury. Baldwin informed Kingsbury that she had an outstanding balance of $6,230.88 for the repairs, and he averred that Kingsbury had made several appointments to come to A.C.

5

Automotive and pay the outstanding balance but she never showed up for any of the appointments. In July 2010, Baldwin left a message for Kingsbury informing her that "the mechanic's lien was in effect."

A.C. Automotive also attached as summary judgment evidence Exhibit D, which consisted of certified copies of the car's title history from the Texas Department of Motor Vehicles. Exhibit D included a mechanic's lien foreclosure form completed by Jacob Acuna on behalf of A.C. Automotive. Under the "Mechanic's Lien Information" section, the form reflected that Kingsbury had left her vehicle with A.C. Automotive for repair on June 20, 2008, that the repairs were completed on July 2, 2008, and that A.C. Automotive had charged her $6,233.88 for parts and labor. A.C. Automotive foreclosed on the mechanic's lien on August 30, 2010. Exhibit D also included a "Notice of Foreclosure Procedure" sent to Kingsbury by A.C. Automotive, dated August 30, 2010, and informing her that A.C. Automotive intended to foreclose its mechanic's lien unless she paid the outstanding balance for the repairs. This document identified Houston Texas Fire Fighters Federal Credit Union as the registered lienholder on the car.

Kingsbury responded to A.C. Automotive and Martinez's summary judgment motion and objected to the summary judgment evidence. Specifically, Kingsbury objected "to the affidavit of Juan Perez on the basis that the affidavit contains inadmissible hearsay. By the four corners of the document, Mr. Perez has

no personal knowledge of any alleged conversation between [Kingsbury] and Mr. Howard Hardy. Moreover, Mr. Perez's affidavit merely recites factual conclusions that are not supported by proper summary judgment evidence." Kingsbury also objected that Perez was "an interested witness whose credibility is at issue." Kingsbury made identical objections to the affidavit of Jacob Acuna. Kingsbury also objected to Exhibit D on authentication grounds. Kingsbury further argued that A.C. Automotive and Martinez "have not brought forward any admissible, competent summary judgment evidence to sustain the burden of proof on their affirmative defenses."

Kingsbury attached as summary judgment evidence her own affidavit and that of Howard Hardy. In her affidavit, Kingsbury averred that Hardy was her service advisor at A.C. Automotive and that she "often" called A.C. Automotive to check on the status of the repairs. She averred that she "was always informed that the car was not repaired and that the check engine error light showed every time the car was started and driven." She further averred,

> Howard [Hardy] repeatedly informed me that the shop needed to keep the car until it was fully repaired. Howard Hardy informed me that my car was never repaired as late as the date of his last day of work with A.C. Automotive, Inc. The fee I agreed to pay to repair my vehicle was $3,500. I never verbally or actually authorized a fee of over $6,000.00 to repair my car. I did not learn that my car was no longer at A.C. Automotive until November 2011 when I went to obtain a new vehicle registration sticker for [the car]. It was then that I learned that my car had been sold to a person whose name is Maria Martinez.

7

Howard Hardy averred that he stopped working at A.C. Automotive in July 2010 and that, at the time that he left, Kingsbury's car still had not been repaired.

On January 21, 2014, nearly two weeks after she responded to the summary judgment motion, Kingsbury filed an amended petition. In addition to her causes of action for negligent bailment, breach of contract, and DTPA violations, Kingsbury asserted a cause of action for conversion against A.C. Automotive, alleging that "[t]he purported mechanic's lien created by [A.C. Automotive] is false and fraudulent and contains declarations which [A.C. Automotive] knows to be false and fraudulent." Kingsbury also, for the first time, pleaded application of the discovery rule, alleging that she "did not find out about her injuries until November, 2011" and that "the limitations time for her causes of action started to accrue" at that time.

A.C. Automotive and Martinez filed an amended summary judgment motion. A.C. Automotive and Martinez argued that Kingsbury's causes of action accrued, and the statutes of limitations began to run, in September 2008, when she made her second payment for the repairs. They also argued that Kingsbury's causes of action had "certainly" accrued within six months after Kingsbury brought her car to A.C. Automotive for repairs, or by December 2008. Kingsbury, however, did not file suit until January 2013, more than four years later. A.C. Automotive and Martinez argued that within the six-month period of time

8

following when Kingsbury brought her car to A.C. Automotive, she knew, or in the exercise of reasonable diligence should have known, of the facts giving rise to her causes of action. A.C. Automotive and Martinez thus argued that Kingsbury's injury was not inherently undiscoverable and that the discovery rule should not apply.

As summary judgment evidence, A.C. Automotive and Martinez attached all of the evidence submitted with their original summary judgment motion as well as a repair order form signed by Kingsbury that reflected a total amount due of $8,230.88 for the repairs, $2,000 of which had already been paid, and an outstanding balance of $6,230.88. A.C. Automotive and Martinez also attached a cancelled check reflecting that Kingsbury paid A.C. Automotive $1,000 for the repairs on September 5, 2008.

In her response to the amended summary judgment motion, Kingsbury incorporated her original response and evidentiary objections. Kingsbury also argued that the "Notice of Foreclosure—Mechanic Lien" included by A.C. Automotive and Martinez as summary judgment evidence in Exhibit D, contained a false statement that the Houston Texas Fire Fighters Federal Credit Union was the registered lienholder of the car. Kingsbury argued that the false statement rendered the lien void ab initio and the individual making the statement—here, Jacob Acuna—was subject to prosecution for a Class B misdemeanor or a third-

degree felony. Kingsbury attached evidence reflecting that she had paid off the lien on her car in September 2006, two years before the repairs at issue in this case. She argued that this false statement was "one of many lies and forgeries committed by Mr. Acuna and his corporation" and that the trial court should deny summary judgment on that basis alone.

The trial court rendered summary judgment in favor of A.C. Automotive and Martinez. This appeal followed.

## Summary Judgment

In her first issue, Kingsbury argues that A.C. Automotive and Martinez presented no competent summary judgment evidence, as Perez's and Acuna's affidavits contained hearsay, were not based on personal knowledge, and were made by interested witnesses, and Exhibit D was not properly authenticated. In her second issue, Kingsbury contends that A.C. Automotive and Martinez did not meet their burden of proof on their affirmative defenses because the discovery rule applied to delay the running of limitations. In her third issue, Kingsbury argues that the notice of foreclosure for the mechanic's lien contained a false statement, and that the trial court should have denied summary judgment on this basis alone.

### A. Standard of Review

We review a trial court's ruling on a summary judgment motion de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). To prevail on a

traditional summary judgment motion, the movant bears the burden of proving that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When a defendant is the party moving for summary judgment, it must either (1) conclusively negate at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut the plaintiff's cause. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam).

A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *Cleveland v. Taylor*, 397 S.W.3d 683, 697 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Cleveland*, 397 S.W.3d at 697. Summary judgment evidence raises a fact issue if reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam); *Cleveland*, 397 S.W.3d at 697. To determine if the nonmovant raised a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable

11

evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Fielding*, 289 S.W.3d at 848 (citing *City of Keller*, 168 S.W.3d at 827); *Cleveland*, 397 S.W.3d at 697. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)); *Cleveland*, 397 S.W.3d at 697.

### B. Limitations and the Discovery Rule

A defendant who moves for summary judgment on the basis of limitations must conclusively prove when the plaintiff's cause of action accrued. *See KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 226 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The date that a cause of action accrues is a question of law. *Seureau*, 274 S.W.3d at 226. Generally, a cause of action accrues when a wrongful act causes some legal injury, regardless of when the plaintiff learns of the injury and even if all resulting damages have not yet occurred. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). "When the defendant's conduct produces a legal injury, however slight, the cause of action accrues and the statute of limitations begins to run." *Seureau*, 274 S.W.3d at 226.

The statute of limitations for negligent bailment and breach of contract actions is four years from the date of accrual. *See* TEX. CIV. PRAC. & REM. CODE

12

ANN. § 16.051 (Vernon 2015) (providing four-year limitations period for "[e]very action for which there is no express limitations period"); *Seureau*, 274 S.W.3d at 227 (stating that limitations period for breach-of-contract action is four years).  The statute of limitations for DTPA violations and conversion is two years.  *See* TEX. BUS. & COM. CODE ANN. § 17.565 (Vernon 2011) (providing two-year limitations period for DTPA violations); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2014) (providing two-year limitations period for action for "conversion of personal property").

Statutes of limitations are intended to compel plaintiffs to assert their claims "within a reasonable period while the evidence is fresh in the minds of the parties and witnesses." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001) (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996)).  The discovery rule exception to limitations operates to defer accrual of a cause of action until the plaintiff knows, or by exercising reasonable diligence, should know of the facts giving rise to the claim.  *Id.*  The discovery rule is a "very limited exception to statutes of limitations," and it is used only when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable. *Id.* (quoting *Computer Assocs. Int'l*, 918 S.W.2d at 455).

An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite the exercise of due

diligence. *Id.* at 734–35 (citing *S.V.*, 933 S.W.2d at 7). "'Inherently undiscoverable' does not mean that a particular plaintiff did not discover his or her particular injury within the applicable limitations period." *Id.* at 735. We determine whether an injury is inherently undiscoverable on a categorical basis, focusing on the type of the injury, not the particular injury. *Id.*; *see also Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006) (per curiam) ("Our attempts to bring predictability and consistency to discovery rule jurisprudence have focused on types of injury, not causes of action."). We must determine whether the plaintiff's injury is "the type of injury that generally is discoverable by the exercise of reasonable diligence." *Wagner & Brown, Ltd.*, 58 S.W.3d at 735 (quoting *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)); *Seureau*, 274 S.W.3d at 228 ("[T]he focus is on whether a *type* of injury, rather than a *particular* injury, was discoverable.") (emphasis in original). The discovery rule "requires a plaintiff to seek information about his injuries and their likely cause once he is apprised of facts that would make a reasonably diligent person seek information." *Pirtle v. Kahn*, 177 S.W.3d 567, 571 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

When a plaintiff discovers or should have discovered the cause of her injury and whether a particular plaintiff exercised due diligence in so discovering the cause are questions of fact. *Id.* at 572. However, if reasonable minds could not differ about the conclusions to be drawn from the facts, the court may determine

14

the commencement of the limitations period as matter of law. *Id.* If, as here, the plaintiff pleads the discovery rule as an exception to the statute of limitations, the defendant moving for summary judgment must negate it. *See KPMG Peat Marwick*, 988 S.W.2d at 748; *Seureau*, 274 S.W.3d at 228. The defendant may negate the discovery rule by demonstrating that the rule does not apply or by proving, as a matter of law, that no fact issue exists as to when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of her injury. *See Seureau*, 274 S.W.3d at 228 (citing *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998)).

Here, Kingsbury pleaded the application of the discovery rule in her first amended petition. She alleged that the statutes of limitations for her causes of action did not begin to run until November 2011, when she applied for a new vehicle registration sticker and learned that A.C. Automotive had sold her car to Martinez. A.C. Automotive and Martinez argue that the discovery rule does not apply to Kingsbury's claims because the alleged injury was not inherently undiscoverable. We agree.

It is undisputed that Kingsbury and A.C. Automotive entered into a contract for the repair of her car in June 2008. Juan Perez averred that he completed repairs for the car and that "there were no additional concerns regarding the vehicle on [his] part, therefore the vehicle was ready to be picked up by [Kingsbury]." Jacob

15

Acuna averred that Kingsbury made two $1,000 payments for the repairs, one on July 16, 2008, and one on September 5, 2008. A.C. Automotive attached as summary judgment evidence a cancelled check reflecting the September 5, 2008 payment. Acuna also averred that he contacted Kingsbury in September 2008 and told her that her car had been repaired and was ready for pick up. According to Acuna, Kingsbury asked about her balance and told Acuna that she would come by the shop on October 3, 2008, to pick up her car. Acuna averred that Kingsbury did not pick up her car on October 3, 2008, and that he subsequently left several messages for her concerning the car. Although Kingsbury disputed A.C. Automotive's contention that her car had been successfully repaired, she did aver in her own affidavit that she "often" called A.C. Automotive to check on the status of the repairs and was continually informed that the car had not been fully repaired.

The type of alleged injury involved in this case—failure to repair a car in accordance with the parties' contractual agreement—is not an injury that is inherently undiscoverable within the prescribed limitations period. It is undisputed that Kingsbury knew that A.C. Automotive had possession of her car and was attempting to repair it, and Kingsbury herself admits that she made repeated inquiries about the status of the repairs during the limitations period. We agree with A.C. Automotive and Martinez that by September 2008, when Kingsbury made her second payment for the repairs, which was three months after Kingsbury

16

had brought her car to A.C. Automotive and when she still did not have possession of her repaired car, Kingsbury should have known that she had a potential cause of action against A.C. Automotive. We therefore hold that the discovery rule does not apply to Kingsbury's causes of action. *See Wagner & Brown, Ltd.*, 58 S.W.3d at 734 (holding that discovery rule defers accrual of cause of action until plaintiff knows, or by exercise of reasonable diligence should know, of facts giving rise to claim and that discovery rule is limited to situations in which nature of plaintiff's injury is both inherently undiscoverable and objectively verifiable); *see also Baleares Link Express, S.L. v. GE Engine Servs.–Dallas, LP*, 335 S.W.3d 833, 838 (Tex. App.—Dallas 2011, no pet.) ("[I]n this particular case . . . the evidence establishes that the plaintiff actually discovered its injury within the limitations period. Under such circumstances, it would be particularly inappropriate for us to conclude that the type of injury in question satisfies the 'inherently undiscoverable' prong of the test for applicability of the discovery rule.").

A.C. Automotive and Martinez presented summary judgment evidence demonstrating that the discovery rule does not apply. *See KPMG Peat Marwick*, 988 S.W.2d at 748 (holding that, if plaintiff pleads application of discovery rule, defendant bears summary judgment burden to negate it); *Seureau*, 274 S.W.3d at 228. A.C. Automotive and Martinez also presented summary judgment evidence conclusively demonstrating that Kingsbury's causes of action accrued in

17

September 2008. *See KPMG Peat Marwick*, 988 S.W.2d at 748 (holding that defendant moving for summary judgment on limitations grounds must conclusively prove when cause of action accrued). We therefore hold that the trial court correctly determined that A.C. Automotive and Martinez met their summary judgment burden of proof on their limitations affirmative defense.

We overrule Kingsbury's second issue.

### C. Evidentiary Objections

We review a trial court's ruling on objections to summary judgment evidence for an abuse of discretion. *Chandler v. CSC Applied Techs., LLC*, 376 S.W.3d 802, 824 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Finger v. Ray*, 326 S.W.3d 285, 290 (Tex. App.—Houston [1st Dist.] 2010, no pet.). A trial court abuses its discretion when it rules "without regard for any guiding rules or principles." *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998) (quoting *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995)). To obtain reversal for the erroneous admission of evidence, the appellant must establish that the error was harmful, that is, that the erroneous admission was calculated to cause and probably did cause the rendition of an improper judgment. *In re Estate of Denman*, 362 S.W.3d 134, 141 (Tex. App.—San Antonio 2011, no pet.). Errors in the admission of evidence are generally not reversible unless the

18

appellant can demonstrate that the entire cause turns on the complained-of evidence. *Id.*

### 1. *Objections to A.C. Automotive's Summary Judgment Evidence*

Kingsbury objected to the affidavits of Juan Perez and Jacob Acuna on the grounds that the affidavits contained inadmissible hearsay and demonstrated a lack of personal knowledge concerning conversations she may have had with Howard Hardy. Perez averred in his affidavit that Hardy advised Kingsbury of the problems with her car and that she then approved replacement of the engine and transmission. Acuna averred that after A.C. Automotive completed the repairs Hardy told him that he had spoken to Kingsbury and she had indicated that she "would be coming in to pay her balance and pick up the vehicle."

Perez also averred that he completed the engine and transmission repairs and test drove the car. Perez determined that the car "worked fine," and he averred that, because he did not have any further concerns regarding the car, the car was ready for Kingsbury to pick it up from A.C. Automotive. Perez averred that Kingsbury had not picked up the car as of the date he stopped working at A.C. Automotive in September 2009. Acuna also averred that he contacted Kingsbury after the repairs had been completed, and she indicated that she would come by A.C. Automotive on October 3, 2008, to pay her outstanding balance and pick up her car. Acuna averred that Kingsbury did not pick up her car on October 3, 2008,

and that he left her several messages concerning her car after that date. Kingsbury does not challenge any of these statements.

A.C. Automotive and Martinez moved for summary judgment on statute of limitations and laches grounds, and the trial court granted summary judgment. Kingsbury has not demonstrated that Perez's and Acuna's testimony concerning conversations between Hardy and Kingsbury was relevant to the issue before the trial court—whether summary judgment was proper on either limitations or laches grounds. *See id.* (holding that errors in admission of evidence are generally not reversible unless appellant can demonstrate that entire cause turns on complained-of evidence). Nor does she challenge the evidence material to A.C. Automotive's proof of the defense of limitations stating the facts relevant to the date of accrual of her causes of action against A.C. Automotive. We therefore conclude that, even if the trial court erred in not sustaining Kingsbury's objections on hearsay and personal knowledge grounds, Kingsbury has not demonstrated that this constitutes reversible error.[1]

---

[1] Kingsbury also contends that both Perez's and Acuna's affidavits contain mere "factual conclusions that are not supported by proper summary judgment evidence." Kingsbury does not, however, identify the specific portions of the challenged affidavits that she contends are "factual conclusions" as opposed to admissible statements of fact. If any part of a piece of evidence is admissible, a blanket objection to the evidence that does not identify the specific objectionable portions is insufficient; rather, "the objecting party must make specific objections to each component part of a particular piece of evidence to preserve error on appeal." *Stovall & Assocs., P.C. v. Hibbs Fin. Ctr., Ltd.*, 409 S.W.3d 790, 797 (Tex. App.—Dallas 2013, no pet.). "Absent a specific objection, the complaining

Kingsbury also contends that both Perez and Acuna, as employees of A.C. Automotive, are interested witnesses and that summary judgment is not appropriate because their credibility "is likely to be a dispositive factor in the resolution of the case." Uncontroverted testimonial evidence of an interested witness can, however, provide the basis for summary judgment if the evidence is "'clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.'" *Bastida v. Aznaran*, 444 S.W.3d 98, 105 (Tex. App.—Dallas 2014, no pet.) (quoting Tex. R. Civ. P. 166a(c)). Kingsbury provides no argument that Perez's and Acuna's affidavit testimony is not clear, positive, direct, otherwise credible and free from contradictions and inconsistencies or that their testimony could not have been readily controverted such that their affidavits do not constitute competent summary judgment evidence. *See id.* ("However, 'could have been readily controverted' does not mean that the summary judgment evidence could have been easily and conveniently rebutted, but rather indicates that the testimony could have been effectively countered by opposing evidence."). Kingsbury concedes as much on appeal, arguing in her appellate brief that "[t]he affidavits of LaTrina Kingsbury and Howard Hardy

---

party waives any argument to the improper admission or consideration of the evidence." *Id.*; *Haynes v. Haynes*, 178 S.W.3d 350, 355 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding error waived when brief failed to specify which portions of affidavit were hearsay, why portions were hearsay, and how portions were essential to trial court's summary judgment ruling).

completely controvert all the affidavits supplied by the Defendants." We therefore hold that the trial court properly did not sustain Kingsbury's objections to Perez's and Acuna's affidavits on the basis that they were interested witnesses.

Kingsbury also argues that the trial court should have excluded Exhibit D, the documents from the Department of Motor Vehicles, because A.C. Automotive and Martinez did not properly authenticate the documents, nor were the documents accompanied by a business records affidavit. However, as with Perez's and Acuna's affidavits, Kingsbury does not explain how the trial court's summary judgment ruling turned on this evidence such that the admission of Exhibit D constituted reversible error. One of the documents, the mechanic's lien foreclosure form, indicated that A.C. Automotive completed the repairs to the car on July 2, 2008, but Acuna averred in his affidavit that the car was ready for pick up by October 3, 2008, at the latest, which also supports the trial court's summary judgment ruling. Because Kingsbury has not demonstrated that the trial court's summary judgment ruling turned on Exhibit D, she has not demonstrated that the trial court's failure to sustain her objection to Exhibit D constituted reversible error. *See In re Estate of Denman*, 362 S.W.3d at 134.

We overrule Kingsbury's first issue.

## *2. False Statement in A.C. Automotive's Mechanic's Lien*

In her third issue, Kingsbury contends that the trial court should have denied A.C. Automotive and Martinez's summary judgment motion because A.C. Automotive's "Notice of Foreclosure" for its mechanic's lien contained the false statement that Houston Texas Fire Fighters Federal Credit Union was the registered lienholder on the car. Kingsbury presented evidence that she had paid off this lien in 2006. Kingsbury argues that the false statement, which violates the statutory provision requiring all statements in a notice for foreclosure for a mechanic's lien to be true and correct, renders the lien void ab initio.

Property Code Chapter 70 governs mechanic's liens on vehicles. *See* TEX. PROP. CODE ANN. §§ 70.001–.008 (Vernon 2014). A worker in Texas who by labor repairs a vehicle may retain possession of the vehicle until "the amount due under the contract for the repairs is paid" or "the reasonable and usual compensation is paid" if the contract does not specify an amount for the repairs. *Id.* § 70.001(a). Property Code section 70.006 governs the foreclosure of mechanic's liens and requires the mechanic's lienholder to give written notice of the lien and impending foreclosure sale to the owner of the vehicle. *See id.* § 70.006(a). Section 70.006(b-3) provides that a person commits a Class B misdemeanor if the person "knowingly provides false or misleading information in a notice required by this section." *Id.* § 70.006(b-3).

23

Kingsbury does not complain about the manner in which A.C. Automotive sold her vehicle to Martinez, nor does she raise a specific issue on appeal claiming that she did not receive notice of A.C. Automotive's foreclosure of its mechanic's lien. Instead, she argues that because the notice of foreclosure contained incorrect information reflecting that there was a lienholder on her car when she had actually paid off that lien and received a release, the trial court should have denied summary judgment. A.C. Automotive and Martinez raised two grounds for summary judgment: limitations and laches. An incorrect statement concerning a prior registered lienholder on the vehicle in the notice of foreclosure of the mechanic's lien—as opposed to incorrect information regarding the mechanic's lien to be foreclosed—does not implicate either of these affirmative defenses. The fact that the notice of foreclosure of A.C. Automotive's mechanic's lien may have contained incorrect information about a prior registered lienholder does not change the fact that Kingsbury waited more than four years after her causes of action had accrued to file suit. Kingsbury cites no authority, and we can find none, holding that the mere presence of incorrect information in a notice of foreclosure of a mechanic's lien renders a trial court incapable of granting summary judgment on unrelated affirmative defenses.

We hold that the trial court did not commit reversible error when it granted A.C. Automotive and Martinez's summary judgment motion despite the presence

of incorrect information in the foreclosure notice for the mechanic's lien. *See* TEX. R. APP. P. 44.1(a) (providing that error in civil cases is not reversible unless error probably caused rendition of improper judgment or probably prevented appellant from properly presenting case to court of appeals).

We overrule Kingsbury's third issue.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Brown.