**AFFIRM; Opinion Filed January 22, 2020**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-01184-CV**

**RODNEY DRAUGHON, Appellant**
**V.**
**JOYCIE JOHNSON, Appellee**

**On Appeal from the County Court at Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 99751-CC**

# MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Carlyle

Appellant Rodney Draughon sued his aunt, appellee Joycie Johnson, seeking to cancel a 2006 warranty deed transferring real property from Mr. Draughon to Ms. Johnson. Mr. Draughon claimed the statute of limitations was tolled due to his "unsound mind." Ms. Johnson filed a motion for summary judgment based on limitations, which the trial court granted.

In two issues on appeal, Mr. Draughon contends the trial court (1) abused its discretion by striking his summary judgment evidence and (2) erred by granting summary judgment based on Ms. Johnson's statute of limitations defense. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

**Background**

In his April 2018 original petition, Mr. Draughon asserted that Ms. Johnson's claim to the property "is invalid, unenforceable or without right against Plaintiff because Rodney Draughon did not have the MENTAL CAPACITY to legally sign the warranty deed to the property subject to this suit and the defendant knew of Rodney Draughon's mental incapacity."[1] Ms. Johnson filed a general denial answer and asserted "the affirmative defense of the four (4) year Statute of Limitations."[2] Ms. Johnson also filed a motion for traditional summary judgment, contending the applicable statute of limitations required Mr. Draughon to bring his lawsuit within four years from the date he signed the warranty deed and therefore his lawsuit was untimely. A copy of the 2006 warranty deed was attached to Ms. Johnson's summary judgment motion.

Mr. Draughon filed a summary judgment response asserting, among other things, that his "mental capacity or unsound mind" is "the very foundation and basis for the lawsuit." He cited and quoted Texas Civil Practice and Remedies Code section 16.001, which provides in part (1) "a person is under a legal disability if the person is . . . of unsound mind" and (2) "[i]f a person entitled to bring a personal injury action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period." TEX. CIV. PRAC. & REM. CODE § 16.001(a)–(b). Attached to Mr. Draughon's summary judgment response were six witness affidavits pertaining to his "mental incapacity." Ms. Johnson objected to Mr. Draughon's witness affidavits as vague and conclusory.

At the summary judgment hearing, Mr. Draughon's counsel argued (1) when Mr. Draughon signed the warranty deed, "[h]e didn't have the mental capacity to understand what he was signing, so any statute of limitations is tolled until he discovers that he has a claim," and (2) Mr. Draughon

---

[1] Mr. Draughon also filed a June 2018 motion asking the trial court to appoint a guardian ad litem for him. The record is silent as to the trial court's ruling on that motion.

[2] The parties do not dispute that the statute of limitations in this case is four years. *See* TEX. CIV. PRAC. & REM. CODE § 16.051.

has "presented sufficient evidence to raise the issue that [he] lacked the mental capacity to sign the warranty deed in 2006" and "didn't discover he had a claim until [Ms. Johnson] filed her Notice of Eviction in the Spring of 2018." Ms. Johnson argued Mr. Draughon has the burden "to show he was mentally incompetent back then" and his evidence did not include "anything to tell this Court this gentleman was truly mentally incapacitated." The trial court struck all six of Mr. Draughon's witness affidavits and granted summary judgment in Ms. Johnson's favor.

**The trial court did not abuse its discretion by striking Mr. Draughon's conclusory affidavits**

We review the trial court's order striking an affidavit for an abuse of discretion. *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84–85 (Tex. 2018); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985) (trial court abuses discretion by acting without reference to guiding rules or principles). "Circumstantial evidence may be relevant to the capacity issue including: (i) the party's conduct; (ii) circumstances tending to produce a particular mental condition; and (iii) prior or subsequent existence of a mental condition from which a party's capacity or incapacity at the time in question may be inferred." *Texas Capital Bank v. Asche*, No. 05-15-00102-CV, 2017 WL 655923, at *7 (Tex. App.—Dallas Feb. 17, 2017, pet. dism'd) (mem. op). "An expert may testify regarding scientific, technical, or other specialized matters if: (i) the expert is qualified and (ii) his or her opinion is relevant, reliable, and based on a reliable foundation." *Id*. Conclusory statements in affidavits are not competent evidence to support summary judgment. *See Bastida v. Aznaran*, 444 S.W.3d 98, 105 (Tex. App.—Dallas 2014, no pet.) (citing *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996)). A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Id*.

Mr. Draughon's first witness affidavit states:

1. Affiant is a Licensed Psychological Associate licensed to practice in Texas.

2. Affiant is the Licensed Psychological Associate who has responsibility for the testing for intellectual disability of RODNEY DRAUGHON ("Principal").

3. To the best of the Affiant's knowledge after reasonable inquiry, Affiant believes that the Principal has diminished capacity to manage property, including taking those actions necessary to obtain, administer, and dispose of real and personal property, intangible property, business property, benefits, and income as of today September 17, 2018 and in my opinion likely had diminished capacity before 2006.

There is no recitation of qualifications, no indication how long the licensed psychological associate has performed that job, and no indication how much time the LPA spent with Mr. Draughon. The final sentence is wholly conclusory, presenting no basis on which the LPA relied in coming to the conclusions he recites. *See Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 223 (Tex. 2019) ("An expert's testimony is conclusory when the expert asserts a conclusion with no basis."). The trial court did not err in striking this affidavit from the summary judgment record because it was conclusory.

The second affidavit states:

I have worked for Scurry Rosser ISD for 40 years, I have observed Rodney Draughon.
   During the time he attended school, he faced many social and Intellectual learning struggles. That I witnessed.
   In my opinion Rodney's Intellectual Disability was obvious prior to 2006 including while he attended School and that his diminished capacity would prevent, would not have the mental capacity to manage property, including capacity to manage property, including those actions necessary to obtain, administer, and dispose of real property.

This affidavit, too, is conclusory. That the affiant witnessed Mr. Draughon face "social and Intellectual learning struggles" is a recitation of a conclusion the affiant came to. The final sentence referring to the obviousness of Mr. Draughon's intellectual disability prior to 2006 fares no better. The trial court did not err in striking this affidavit. *See Bastida*, 444 S.W.3d at 105.

The third and fourth affidavits come from two people with the same last name and are otherwise identical, stating:

I have known Rodney since he was in Elementary school at Scurry, Rodney Attended Scurry Rosser School with my Children, Rodney has Intellectual

Disabled. I have attended school functions as well as over the past years given him rides to store and to Doctor appointments.

Taken him Food and other things he needed.

Rodney is now the same as he was in Scurry high school. In my opinion Rodney's Intellectual Disability was obvious prior to 2006 and that his diminished capacity would prevent, would not have the mental capacity to manage property, including capacity to manage property, including those actions necessary to obtain, administer, and dispose of real property. Rodney can not drive a car.

Like the prior affidavit, these affidavits provide a basis to understand the length of time the affiants have known Mr. Draughon. Here, there is a conclusion that Mr. Draughon is intellectually disabled. One could conclude that the affiants saw Mr. Draughon at elementary school functions and later at high school. The statements that affiants gave him rides to the store and doctors' appointments and took him food and other items provide some context, but are untethered in time and frequency. The final conclusory statements regarding Mr. Draughon's capacity present just that, conclusions. Mr. Draughon's inability to drive a car provides no basis to support even an inference that he was of "unsound mind." The trial court did not abuse its discretion in striking these affidavits. *See id.*

The fifth affidavit states:

I have Known Rodney since he was 15 years old.

Rodney is clearly now the same as he was in Scurry high school. In my opinion Rodney's Intellectual Disability was obvious prior to 2006 and that his diminished capacity would prevent, would not have the mental capacity to manage property, including capacity to manage property, including those actions necessary to obtain, administer, and dispose of real property.

Rodney had Intellectual Disability with major Depression Disorder. Rodney Mother and Uncle Wendell have always Took care of Rodney until they both passed.

It too presents a timeframe within which the affiant knows Mr. Draughon followed by nothing more than conclusions. The trial court did not abuse its discretion in striking this affidavit. *See id.*

The sixth affidavit states:

> I have known Rodney since he was 15 year's Old, Rodney Attended Scurry Rosser High School with my daughter, Rodney Has always been the same as he is now since child hood mental Disabled and Intellectual Disabled.
>
> Rodney is now the same as he was in Scurry high school. In my opinion Rodney's Intellectual Disability was obvious prior to 2006 and that his diminished capacity would prevent, would not have the mental capacity to manage property, including capacity to manage property, including those actions necessary to obtain, administer, and dispose of real property.
>
> I have personally helped Rodney while he was in school. I was a Cosmetologist for 25 years and cut his hair and bought him clothes while he attended High school.

Again, we have a timeline for the affiant having known Mr. Draughon but no more than conclusions. That the affiant cut his hair and bought him clothes in high school presents no evidence, even circumstantially, regarding his capacity. *See Asche*, 2017 WL 655923, at *7–8 (discussing circumstantial evidence in this context). These statements could apply equally to a student with few financial resources and thus, drawing an inference that they support a conclusion he was of "unsound mind" would be a reach too far. The trial court did not abuse its discretion in striking Mr. Draughon's witness affidavits. *See Lujan*, 555 S.W.3d at 84–85.

We overrule Mr. Draughon's first issue.

**The trial court properly granted summary judgment**

In Mr. Draughon's second issue, he contends summary judgment was improper because Ms. Johnson "merely presented the trial court with the executed deed," which was insufficient to conclusively negate the tolling doctrine Mr. Draughon asserted.[3] Ms. Johnson argues "[t]he party asserting the unsound mind tolling provision has a duty of proving it" and "Draughon's evidence is insufficient to raise a fact issue on unsound mind."

---

[3] A party moving for traditional summary judgment must show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We review de novo a trial court's ruling on a motion for summary judgment. *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018). When reviewing a traditional summary judgment granted in favor of the defendant, we determine whether the defendant conclusively disproved at least one element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Durham v. Children's Med. Ctr. of Dallas*, 488 S.W.3d 485, 489 (Tex. App.—Dallas 2016, pet. denied).

"On summary judgment, a claimant seeking to toll limitations based on the unsound mind provision bears the burden of producing evidence sufficient to raise a genuine fact issue regarding his or her mental incapacity for the necessary time period." *Morris v. Unified Housing Found. Inc.*, No. 05-13-01425-CV, 2015 WL 4985599, at *5 (Tex. App.—Dallas Aug. 21, 2015, no pet.) (mem. op.) (citing *Chavez v. Davila*, 143 S.W.3d 151, 156 (Tex. App.—San Antonio 2004, pet. denied); *Grace v. Colorito*, 4 S.W.3d 765, 769–70 (Tex. App.—Austin 1999, pet. denied)). Although Mr. Draughon cites summary judgment cases from the supreme court and this court that state "[i]f the nonmovant asserts that a tolling provision applies, the movant must conclusively negate the tolling provision's application to show his entitlement to summary judgment,"[4] none of those cases involved an unsound mind provision. *See Chavez*, 143 S.W.3d at 155–56 (distinguishing limitations challenges in *Jennings* and *Zale* from those seeking to avoid summary judgment on unsound mind theory, on ground that latter "do not challenge the limitations defense, but are affirmative defenses in the nature of confession and avoidance"). *Morris* is controlling on these facts. Pursuant to *Morris*, after Ms. Johnson conclusively established this case was not filed within the statute of limitations, Mr. Draughon had the burden to produce evidence raising a fact issue regarding his mental incapacity. *See Morris*, 2015 WL 4985599, at *5. The only summary judgment evidence Mr. Draughon produced was properly struck and thus he failed to meet that burden.

We decide Mr. Draughon's two issues against him and affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

181184F.P05

---

[4] *See Diaz v. Westphal*, 941 S.W.2d 96, 97–98 (Tex. 1997); *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975) (per curiam); *Am. Realty Trust, Inc. v. Andrews Kurth, LLP*, No. 05-16-01433-CV, 2018 WL 2126819, at *2 (Tex. App.—Dallas May 8, 2018, pet. filed) (mem. op.); *Dillard v. Parkland Hosp.*, 136 S.W.3d 16, 19 (Tex. App.—Dallas 2002, no pet.).



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

RODNEY DRAUGHON, Appellant

No. 05-18-01184-CV     V.

JOYCIE JOHNSON, Appellee

On Appeal from the County Court At Law No. 1, Kaufman County, Texas
Trial Court Cause No. 99751-CC.
Opinion delivered by Justice Carlyle.
Justices Pedersen, III and Reichek participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's order.

It is **ORDERED** that appellee Joycie Johnson recover her costs of this appeal from appellant Rodney Draughon.

Judgment entered this 22nd day of January, 2020.